UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | No. 3:19-cr-315-1 (VLB) |
| v. | : | |
| | : | |
| MARQUIS WILLIAMS | : | June 4, 2020 |
| Defendant. | : | |
| | : | |

### Ruling and Order Denying Defendant's Motion for Temporary Release
### [Dkts. 97, 98]

Pursuant to 18 U.S.C. § 3142(i), Defendant Marquis Williams renews his motion for temporary release from pre-trial detention on the basis of the risk of the COVID-19 pandemic at Wyatt, as well as on the basis of his ability to prepare his defense there [Dkts. 97, 98]. The Government opposes his motion on the grounds that it is untimely and not otherwise supported. [Dkt. 100]. Mr. Williams replies. [Dkt. 102]. The Government also provided supplemental briefing regarding access to counsel at Wyatt. [Dkt. 103]. Mr. Williams has replied to that supplemental briefing as well. [Dkt. 104]. After considering the briefing, the Court denies without prejudice Mr. Williams's motion for release for the reasons set forth below.

I.  Law

18 U.S.C. § 3142(i) provides that, after a detention order has been issued,

> a judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

"Most courts addressing a motion for temporary release under § 3142(i) have done so in the context of evaluating the necessity of the defendant assisting with preparing his or her defense." *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020). But, a serious medical condition may be a compelling reason. *See, e.g., United States v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009) (acknowledging that temporary release may justified for "extraordinary" medical problem).

## II.   Background

Mr. Williams is charged with bank fraud, conspiracy to commit bank fraud, aggravated identity theft, and possession of stolen United States mail under 18 U.S.C. §§ 2, 1028A, 1344, 1349, 1708. [Dkt. 41]. He was released pre-trial, but his release was revoked pursuant to 18 U.SC. §3148 after Judge Spector found that there is probable cause to believe that Mr. Williams committed another crime while on pretrial release, thereby violating one of the conditions of his release. [Dkt. 69 (Feb. 1, 2020 Order)]. Judge Spector also found that there is no condition or combination of conditions that will assure that Mr. Williams does not a pose a danger to the community, noting that Mr. Williams was on home incarceration with electronic monitoring, the strictest possible conditions, at the time at the time of the alleged crime. *Id.*

Mr. Williams is detained at the D.W. Wyatt Detention Center ("Wyatt"). As of June 1, 2020, 522 detainees are housed at Wyatt, so the facility is at 68% capacity. *In Re: Donald W. Wyatt Detention Center*, No. 1:20-mc-4 (JJN) ("*In re: Wyatt*"), ECF No. 16 at 1 (D.R.I. June 1, 2020). Forty-eight detainees at Wyatt have tested positive

for COVID-19, with 24 active cases, out of 539 detainees tested. *In re: Wyatt*, ECF No. 15 at 1. Fifteen staff members have also tested positive, of which the cases are active. *Id.*

### III. Analysis

#### A. Timeliness

On April 21, 2020, this Court denied Mr. Williams's first motion for temporary release. [Dkt. 96]. On May 4, 2020, Mr. Williams filed this second motion, captioning it "Motion for Reconsideration." The Court agrees with the Government that, pursuant to Local Civil Rule 7(c)(1) and Local Criminal Rule 1(c), motions for reconsideration must be filed within 7 days of the decision or order from which relief is sought and that Mr. Williams's motion is untimely according to that standard. However, in light of the possibly material change in compelling circumstances during that time – namely, the outbreak of COVID-19 at Wyatt as well as Wyatt's ongoing protection measures – the Court finds that it is appropriate to consider this motion as a second motion for temporary release.

Further, Mr. Williams styles his motion as one for temporary release and does not challenge the Court's findings regarding his risk of flight and risk of danger to the community until his reply. [Dkts. 97, 98, 102]. The Court finds that there has been no change in circumstances to warrant reconsidering Judge Spector's findings. Therefore, the Court evaluates Mr. Williams' arguments under 18 U.S.C. § 3142(i). *See United States v. Dupree*, 833 F. Supp. 2d 241, 248 (E.D.N.Y. 2011) (applying Section 3142(i) to pre-trial defendant's release motion where defendant was detained after his bond was revoked under 18 U.S.C. § 3148 and

there had been no change in circumstances to justify reconsidering danger to the community and risk of non-appearance).

### B. COVID-19

Mr. Williams does not state that he has an underlying medical condition that puts him at greater risk from COVID-19 nor that he has one that makes him a greater risk to others should he contract the coronavirus. [Dkt. 97, 98]. In light of the current conditions, the Court assumes for the sake of this decision that Mr. Williams is at a greater risk of contracting coronavirus in Wyatt than he would be at his proposed custodian's residence, despite the absence of any evidence of the potential exposures and mitigation measures there. But, in the absence of evidence that Mr. Williams would be at higher risk of serious illness if infected, "the pandemic alone, which is affecting the community in its entirety, is not a compelling reason warranting release at this point in time." *United States v. Marte*, No. 19-CR-795 (SHS), 2020 WL 1505565, at *1 (S.D.N.Y. Mar. 30, 2020); *see United States v. Brito*, No. 20 CR. 63 (PGG), 2020 WL 2521458, at *5 (S.D.N.Y. May 18, 2020) (denying pre-trial release to defendant not uniquely vulnerable housed in jail with outbreak).

### C. Preparation of Defense

Mr. Williams also argues that the current situation at Wyatt hinders the preparation of his defense. Attorney visits to Wyatt have been temporarily suspended. *In re: Wyatt,* ECF No. 16 at 6. According to Mr. Williams, legal calls have been limited to thirty minutes, in contrast to the normal face-to-face legal visits, which run two to four hours. [Dkt. 97 at 3]. According to the government, based on

contacts with the United States Marshal Services and a representative from Wyatt, "[video conferencing] stations and cubicles will be added to provide detainees with expansive access to the courts and their attorneys. The cubicles will be soundproof and include headsets for privacy." [Dkt. 103 at 1]. However, this communication option is not yet available, and there is no clear timeline for when they will be available. *Id*; see [Dkt. 104 at 2-3]. In addition, "detainees can call their attorneys collect utilizing the numerous phones available throughout the facility," which as attorney calls, will not be "subject to monitoring like non-attorney calls." [Dkt. 103 at 2]. However, these calls are limited to 20 minutes and the phones are not private. [Dkt. 104 at 3-4].

District courts in this circuit have found limited in-person access to counsel may justify the temporary release of a defendant facing an imminent trial or merits hearing, but that, if a defendant does not have an imminent trial or merits hearing, legal phone calls and expanding access to videoconferencing are acceptable substitutes. *See United States v. Peralta*, No. 19 CR. 818 (PGG), 2020 WL 2527355, at *2 (S.D.N.Y. May 18, 2020) (finding access to counsel issue was not a compelling reason for release when trial was not imminent, even where, in past thirty days, defendant had only been able to speak to counsel once on the phone); *United States v. Jimenez*, No. 20-CR-122-LTS, 2020 WL 1974220, at *3 (S.D.N.Y. Apr. 24, 2020) (access to counsel sufficient where institution provided additional video conferencing and increased telephone privileges, and there was no imminent trial); *cf. United States v. Chandler*, No. 1:19-CR-867 (PAC), 2020 WL 1528120, at *1 (S.D.N.Y. Mar. 31, 2020) (finding release necessary for the preparation of defense

where jail had suspended attorney contact other than through short phone calls and defendant's trial was scheduled to begin within 6 weeks); *United States v. Stephens*, No. 15-CR-95 (AJN), 2020 WL 1295155, at *3 (S.D.N.Y. Mar. 19, 2020) (finding release necessary for preparation of defense where legal visits were suspended and defendant had a supervised release hearing scheduled within 7 days of the release decision).

Here, Mr. Williams may communicate with his attorney through 30-minute legal calls and, possibly soon, videoconferencing. He has a copy of the discovery to review. His trial is scheduled to begin in mid-September, and his substantive motions are due August 3, almost two months from the present date. Therefore, although the Court understands Mr. Williams's concerns about preparing his defense, the Court concludes that his release is not "necessary" for the preparation of his defense at this time.

IV.     **Conclusion**

For the reasons stated above, the Court denies without prejudice Mr. Williams's motion for temporary release. It is so ordered.

_____/s/_____

Honorable Vanessa L. Bryant

District of Connecticut

Dated at Hartford, Connecticut: June 4, 2020