UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 3:19-cr-00315 (AWT) |
| | : |
| MARQUIS WILLIAMS | : |

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

For the reasons set forth below, the defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 311, 322, 341) is hereby DENIED.

**I**

Defendant Marquis Williams was arrested for the instant offense on November 14, 2019. He was detained at Wyatt Detention Facility beginning on January 24, 2020. On May 19, 2022, he pled guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. On April 25, 2023, the defendant was sentenced to a 78-month term of imprisonment, to be followed by a five-year term of supervised release.

The defendant appealed his conviction and sentence, which were affirmed in most respects by the Second Circuit on February 6, 2025 in a summary order. While his appeal was pending, the

defendant filed, on December 27, 2023, a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and asked the court to appoint counsel to assist him in briefing the motion. The court appointed counsel who filed a memorandum in support of the motion on August 15, 2024. The defendant's memorandum argued that "his mother's need of him as her live-in caregiver", his exposure to and "contract[ion of] COVID-19" while in prison, and his "extraordinary rehabilitation" together constitute extraordinary and compelling reasons warranting a sentence reduction. See ECF No. 322 at 4.

On December 3, 2024, the Bureau of Prisons moved the defendant to a residential re-entry center in Bloomfield, Connecticut. On or about February 11, 2025, the defendant was placed on home confinement at his mother's home in Waterbury, Connecticut. The defendant remains on home confinement and is scheduled to begin his term of supervised release on August 10, 2025.

Pursuant to the Mandate issued on February 6, 2025, the court held a hearing on June 30, 2025 with the intention of proceeding to resentence the defendant in accordance with the Mandate. However, at the hearing the defendant notified the court that, contrary to the position taken by the government, the defendant did not believe that his motion for a sentence reduction is moot, and that he would file a supplemental

memorandum in support of that motion. A supplemental memorandum was filed on July 10, 2025.

## II.

Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement is U.S.S.G. § 1B1.13.

The defendant has satisfied the requirement with respect to the exhaustion of administrative remedies.

## III

The defendant argues that a combination of three factors constitutes an extraordinary and compelling reason to reduce his sentence.

The defendant contends that one factor is "his mother's need of him as her live-in caregiver" (ECF No. 322 at 4) "due to numerous ailments" (Id. at 2; also see 3 and 7). However, this factor does not support a sentence reduction because the Bureau of Prisons placed him on home confinement at his mother's home in Waterbury, Connecticut, on February 11, 2025.

3

A second factor asserted by the defendant relates to the COVID-19 pandemic. He argued in his initial memorandum that "[t]he defendant's motion for sentence reduction should be granted because the COVID-19 pandemic made his experience of being incarcerated much harsher, dangerous, health and life-threatening than if he had been incarcerated during a period of years when no deadly infectious diseases threatened inmates' lives and prevented visits from loved ones." ECF No. 322 at 4. In the supplemental memorandum, he argues that his "incarceration was 'more punitive than would other[wise] be the case.'" ECF No. 341 at 5. He cites to United States v. Norberto Martinez for the proposition that "Courts in this district have repeatedly held that confinement conditions during the COVID-19 pandemic resulted in more punitive than intended sentences and may be considered when determining whether there are extraordinary and compelling circumstances warranting sentence reductions." United States v. Martinez, No. 03-CR-01049 (NGG), 2024 WL 3966291, at *8 (S.D.N.Y. Aug. 28, 2024). The government points out that when Judge Bryant imposed sentence on April 25, 2023, she acknowledged the challenges that the defendant faced while incarcerated during the height of the COVID-19 pandemic, and this could suggest that the sentence imposed was not more punitive than intended. Of course, pursuant to Guidelines § 1B1.13(e) "the fact that an extraordinary and compelling reason

4

reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement", so the court has independently considered the question of whether the defendant's conditions of confinement constitute an extraordinary and compelling reason to reduce his sentence.

    During the COVID-19 pandemic life was harsher and there was a greater threat to the health of lives of people across society, both those who were incarcerated and those who were not. Within both segments of our society there were those who were affected to a greater degree and those who were affected to a lesser degree. The experiences of some, but not all, of those in each of those segments of society who were affected to a greater degree were extraordinary. The fact that this defendant was incarcerated during the pandemic and contracted COVID-19 is not sufficient to make his experience extraordinary, and the defendant has not presented other evidence that relates to him (as opposed to the prison population in general) sufficient to persuade the court that his experience was extraordinary. To the contrary, in response to the questionnaire he attached to his initial motion for compassionate release the defendant stated:

    Q: "Will you require ongoing medical care if you are released from prison?"

    A: "No".

>        . . .
>
>        Q "Are you currently prescribed medication in the facility where you are incarcerated?"
>
>        A: "No".

ECF No. 311-2 at 5-6. Consequently, the court does not place any weight on this factor.

Because the court places no weight on either of the other two factors cited by the defendant, that leaves only the defendant's argument that his extraordinary rehabilitation supports a sentence reduction. However, under Guidelines § 1B1.13 (d), "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for a sentence reduction. See United States v. Edwards, No. 23-6139-cr, 2024 WL 3466550, at *2 (2d Cir. July 19, 2024) ("rehabilitation alone is not an 'extraordinary and compelling reason[]'").

Consequently, the court concludes that there is not an extraordinary and compelling reason to reduce the defendant's sentence and also that such a reduction would not be consistent with the applicable policy statement issued by the sentencing commission.

6

It is so ordered.

Signed this 28th day of July 2025 at Hartford, Connecticut.

                                                                     /s/AWT
                                           Alvin W. Thompson
                                  United States District Judge